No. 22-20603

*In the*

# United States Court of Appeals
## *for the*
# Fifth Circuit

―――――――――――――――――――――

IN RE ENTRUST ENERGY, INC., *ET AL.*,

*Post-Confirmation Debtors*,

ANNA PHILLIPS, AS LIQUIDATING TRUSTEE OF THE
ENTRUST LIQUIDATING TRUST,

*Appellee/Cross-Appellant*,

– v –

ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC.,

*Appellant/Cross-Appellee.*

―――――――――――――――――――――

On Appeal from the U.S. Bankruptcy Court for the
Southern District of Texas
Adv. No. 22-3018 (DRJ)

―――――――――――――――――――――

**SUPPLEMENTAL BRIEF OF APPELLEE/CROSS-APPELLANT**

―――――――――――――――――――――

Charles R. Gibbs
Debbie E. Green
McDermott Will & Emery LLP
2501 North Harwood Street
Dallas, Texas 75201
(214) 295-8000

Darren Azman
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, New York 10017
(212) 547-5400

*Counsel for Appellee/Cross-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that Strategic Power Holdings, LLC is the sole parent of the Debtors in the bankruptcy.[1] American Electricity & Gas Holdings, L.L.C. and Nippon Gas USA, Inc. each hold a 50% equity interest in Strategic Power Holdings. The undersigned counsel of record also certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible recusal.

| | |
|---|---|
| **Appellee/Cross-Appellant:** | Anna Phillips, as Liquidating Trustee of the Entrust Liquidating Trust |
| **Counsel:** | Charles R. Gibbs<br>Debbie E. Green<br>MCDERMOTT WILL & EMERY LLP<br>2501 North Harwood Street, Ste. 1900<br>Dallas, Texas 75201-1664<br>Telephone: (214) 295-8000<br>Facsimile: (972) 232-3098<br>crgibbs@mwe.com<br>dgreen@mwe.com<br><br>Darren Azman<br>MCDERMOTT WILL & EMERY LLP<br>One Vanderbilt Avenue |

---

[1] The Debtors in the chapter 11 cases that are subject to the Plan and the Trust Agreement are: Entrust Energy, Inc.; Entrust Treasury Management Services, Inc.; Entrust Energy East, Inc.; Power of Texas Holdings, Inc.; Akyta Holdings, Inc.; En-serve, Inc.; Akyta, Inc.; Energistics, Inc.; and NGAE, Inc.

No chapter 11 plan has been confirmed in the cases of the following Debtors: Knocked, Corp.; SPH Investments, Inc.; Akyta IP, Inc.; Surge Direct Sales, Inc.; Entrust Energy Operations, Inc.; and Strategic Power Holdings, LLC.

|  |  |
|---|---|
|  | New York, New York 10017<br>Telephone: (212) 547-5400<br>Facsimile: (212) 547-5444<br>dazman@mwe.com |
| **Appellant/Cross-Appellee:** | Electric Reliability Council of Texas, Inc. |
| **Counsel:** | Jamil N. Alibhai<br>jalibhai@munsch.com<br>Kevin M. Lippman<br>klippman@munsch.com<br>MUNSCH HARDT KOPF & HARR, P.C.<br>3800 Ross Tower<br>500 N. Akard Street<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br><br>Wallace B. Jefferson<br>wjefferson@adjtlaw.com<br>Nicholas Bacarisse<br>nbacarisse@adjtlaw.com<br>ALEXANDER DUBOSE & JEFFERSON LLP<br>515 Congress Avenue, Suite 2350<br>Austin, Texas 78701-3562<br>Telephone: (512) 482-9300<br>Facsimile: (512) 482-9303 |
| **Interested Party:** | Calpine Corporation |
| **Counsel:** | George Fibbe<br>Aaron M. Streett<br>J. Mark Little<br>BAKER BOTTS LLP<br>910 Louisiana Street<br>Houston, TX 77002 |
| Dated: July 20, 2023 | Respectfully submitted,<br><br>*/s/ Debbie E. Green*<br>Debbie E. Green<br>*Counsel for Appellee/Cross-Appellant* |

## TABLE OF CONTENTS

Certificate of Interested Persons ...................................................................................i

Table of Authorities .....................................................................................................v

Introduction and Summary of Argument.....................................................................1

Argument......................................................................................................................2

I.     Sovereign Immunity Does Not Bar the Trustee's Claims. ...............................2

      A.    ERCOT has waived any sovereign immunity it might have......................2

      B.    ERCOT lacks sovereign immunity in federal court. ..................................4

II.    ERCOT's Governmental Status Undermines Abstention..................................7

III.   The Trustee's Takings Claim Challenges State Action. ....................................8

Conclusion ................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bonin v. Sabine River Auth.*,
   65 F.4th 249 (5th Cir. 2023) ........................................................ 5, 6, 7, 9

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,
   531 U.S. 288 (2001) .............................................................................. 9

*Clark v. Tarrant County*,
   798 F.2d 736 (5th Cir. 1986) ....................................................... 4, 5, 6, 7

*CPS Energy v. Elec. Reliability Council of Texas*,
   No. 22-0056, 2023 WL 4140460 (Tex. June 23, 2023) ................... *passim*

*El Paso Educ. Initiative, Inc. v. Amex Props., LLC*,
   602 S.W.3d 521 (Tex. 2020) ............................................................... 4, 5

*Hudson v. City of New Orleans*,
   174 F.3d 677 (5th Cir. 1999) ............................................................... 6, 7

*Jackson v. Johnson*,
   217 F.3d 360 (5th Cir. 2000) .................................................................. 8

*Ohio Bureau of Emp. Servs. v. Hodory*,
   431 U.S. 471 (1977) ................................................................................ 7

*Potrero Hills Landfill, Inc. v. County of Solano*,
   657 F.3d 876 (9th Cir. 2011) .................................................................. 8

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) ................................................................................ 8

*Roberts v. Cameron-Brown Co.*,
   556 F.2d 356 (5th Cir. 1977) ................................................................ 10

*Springboards to Educ., Inc. v. McAllen Indep. Sch. Dist.*,
   62 F.4th 174 (5th Cir. 2023) ................................................................ 4, 5

*Springboards to Educ., Inc. v. Mission Indep. Sch. Dist.*,
 2023 WL 3094185 (5th Cir. Apr. 26, 2023) ............................................... 5

*Stratta v. Roe*,
 961 F.3d 340 (5th Cir. 2020) ......................................................... 4, 6, 9

*In re Supreme Beef Processors, Inc.*
 468 F.3d 248 (5th Cir. 2006) ................................................................. 3

*United States ex rel. Barron v. Deloitte & Touche, L.L.P.*,
 381 F.3d 438 (5th Cir. 2004) ................................................................. 5

*United States v. Nordic Village Inc.*,
 503 U.S. 30 (1992) ................................................................................ 3

*Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*,
 294 F.3d 684 (5th Cir. 2002) .............................................................. 4, 9

*Webb v. B.C. Rogers Poultry, Inc.*,
 174 F.3d 697 (5th Cir. 1999) ................................................................. 8

**Statutes, Rules, and Regulations**

11 U.S.C.
 § 106(b) ............................................................................................ 2, 3
 § 106(c) ................................................................................................ 3

Fed. R. Civ. P. 13 ......................................................................................... 3

# INTRODUCTION AND SUMMARY OF ARGUMENT

On June 23, 2023, the Supreme Court of Texas decided *CPS Energy v. Elec. Reliability Council of Texas*, No. 22-0056, 2023 WL 4140460 (Tex. June 23, 2023). In a 5-4 decision, the court held that ERCOT, though a private nonprofit corporation, is an "arm of the state" entitled to state-law sovereign immunity in Texas courts. *See id*. at *11. No doubt, ERCOT will lean on *CPS* to bolster its claim of Eleventh Amendment immunity here. *See* ERCOT Br. 51-55 (arguing that "ERCOT is immune from the Trustee's tort claims"). But *CPS* is unavailing as to ERCOT's immunity in federal court—and critically, supports *our* position as to abstention and the viability of the Trustee's takings claim.

Pivotally, *CPS* does not change the fact that under the plain language of the Bankruptcy Code, ERCOT has waived any sovereign immunity it might otherwise enjoy by filing its proof of claim in bankruptcy court. *See* Trustee Br. 52-54. Moreover, whether the Eleventh Amendment bars the Trustee's tort claim is a question of federal law balancing numerous factors, and this Court has often found that an entity is *not* immune in federal court notwithstanding that state authorities described that entity as an arm of the state. That precedent compels the same conclusion here.

What is more, *CPS* strengthens several of the Trustee's arguments. For one thing, *CPS* shows why abstention is unwarranted here. There is no need for a federal court to defer to state prerogatives when an entity acting under the state's authority has willingly submitted to federal jurisdiction. *CPS* confirms that ERCOT brought its proof of claim as a governmental authority, relieving the bankruptcy court of any

1

need to abstain. Similarly, the Trustees' takings claim is clearly proper in light of *CPS*—the case confirms that the Trustees' takings theory, which requires state action, is in harmony with its argument that ERCOT lacks sovereign immunity as a matter of federal law.

## ARGUMENT

**I. SOVEREIGN IMMUNITY DOES NOT BAR THE TRUSTEE'S CLAIMS.**

*CPS* does not change the bottom line on the question of ERCOT's asserted sovereign immunity against the Trustee's tort claims. It remains beyond dispute that ERCOT has waived whatever sovereign immunity it possesses by entering its proof of claim. Moreover, as a matter of federal law, this Court is not bound by the Texas Supreme Court's state-law conclusion that ERCOT is an arm of the state. *CPS* notwithstanding, the balance of the factors the Court considers continues to confirm that ERCOT lacks sovereign immunity in federal court.

**A. ERCOT has waived any sovereign immunity it might have.**

As our brief made clear (at 52-54), this Court need not decide whether ERCOT might ordinarily enjoy Eleventh Amendment immunity: Even if ERCOT did possess such immunity, it waived it by entering its proof of claim. *See* 11 U.S.C. § 106(b) (providing that "a governmental unit that has filed a proof of claim" in bankruptcy court "is deemed to have waived sovereign immunity with respect to a claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which the claim of such governmental

2

unit arose,"); *id.* § 106(c) ("Notwithstanding any assertion of sovereign immunity by a governmental unit, there shall be offset against a claim or interest of a governmental unit any claim against such governmental unit that is property of the estate."). As this Court has explained, this language from the Bankruptcy Code "'plainly waiv[es]' sovereign immunity with respect to . . . compulsory counterclaims to governmental claims (current § 106(b)), and permissive counterclaims to governmental claims capped by a setoff limitation (current § 106(c))." *In re Supreme Beef Processors, Inc.* 468 F.3d 248, 254 (5th Cir. 2006) (quoting *United States v. Nordic Village Inc.*, 503 U.S. 30, 34 (1992)).

We have already shown why ERCOT's proof of claim and the Trustee's tort claim—the only claim as to which ERCOT has asserted sovereign immunity—obviously concern "the same transaction or occurrence" (11 U.S.C. § 106(b)): ERCOT's gross negligence *caused* the putatively unpaid charges it now seeks to collect. Trustee Br. 53-54. And even the Trustee's claims did *not* arise out of the same transaction or occurrence as ERCOT's claim, sovereign immunity would *still* be waived: Section 106(c) waives sovereign immunity over even "permissive counterclaims" by the debtor so long as any recovery is "capped by a setoff limitation." *Supreme Beef*, 468 F.3d at 254; *see* Fed. R. Civ. P. 13 (a "[p]ermissive [c]ounterclaim" is "any claim that is not compulsory").

In sum, *CPS*—whatever it might say about ERCOT's place within Texas's scheme of government as a matter of Texas law—has no bearing on the fact that

3

ERCOT plainly waived any applicable Eleventh Amendment immunity by voluntarily invoking the jurisdiction of the bankruptcy court.

### B. ERCOT lacks sovereign immunity in federal court.

Even setting aside waiver, while *CPS* establishes that ERCOT is an arm of the state for purposes of Texas law, "whether a particular political entity is an arm of the state" for purposes of the Eleventh Amendment "is a question of federal law." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 690 n. 4 (5th Cir. 2002). Accordingly, "[e]ven if" a state supreme court decision "assert[s] that [an entity] is an arm of the state, this court would not be bound by that pronouncement." *Id*. Rather, circuit precedent balances six factors, only the first of which considers state case law. *Clark v. Tarrant County,* 798 F.2d 736, 744-745 (5th Cir. 1986); *see* Trustee Br. 41-52. Analyzing all six factors, it remains clear that ERCOT is not immune in federal court.

**1.** Even assuming that *CPS* tilts the first *Clark* factor in favor of sovereign immunity, that alone does not entitle ERCOT to protection under the Eleventh Amendment. No *Clark* factor is dispositive. *See, e.g, Stratta v. Roe*, 961 F.3d 340, 351 (5th Cir. 2020). Indeed, the only other time the Texas Supreme Court has extended state-law immunity to a category of private entities (open-enrollment charter schools), this Court later *denied* Eleventh Amendment immunity to a member of that same class. *See Springboards to Educ., Inc. v. McAllen Indep. Sch. Dist.*, 62 F.4th 174, 179 (5th Cir. 2023) (analyzing and distinguishing *El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521 (Tex. 2020)); *see CPS*, 2023 WL 4140460, at

4

\*10 (describing *El Paso Education Initiative* as "the first and only opinion in which we have extended sovereign or governmental immunity to a private entity under the arm-of-the-state analysis"). Though the first *Clark* factor "weigh[ed] in favor of immunity" in light of the Texas Supreme Court's extension of state-law immunity, this Court explained that "Texas courts' decisions on state sovereign immunity are not dispositive as to federal sovereign immunity" and ultimately held that the Eleventh Amendment did not apply. *Springboards*, 62 F.4th at 179, 183.[2]

In our brief (at 44-46, 49-52), we explain why the remaining *Clark* factors all lean heavily against sovereign immunity, particularly the "weightiest factor," which considers whether a judgment against the entity would be paid out of the public fisc. *United States ex rel. Barron v. Deloitte & Touche, L.L.P.*, 381 F.3d 438, 440 (5th Cir. 2004). *CPS* fails to persuade within this *Clark* framework. For instance, the *CPS* court admits that "ERCOT is not funded with tax dollars," pointing to increased rates for consumers—not a raided state treasury—as the primary concern with judgments against it. 2023 WL 4140460, at \*14. *See also id*. at \*31 (Boyd, Devine, Lehrmann, and Busby, J.J., dissenting) ("ERCOT does not receive tax dollars or appropriated funds, so permitting judgments against it would not require the unforeseen diversion

---

[2] *Accord Springboards to Educ., Inc. v. Mission Indep. Sch. Dist.*, 2023 WL 3094185 (5th Cir. Apr. 26, 2023) (*per curiam*). *See also Bonin v. Sabine River Auth.*, 65 F.4th 249, 255, 259 (5th Cir. 2023) (holding that the first *Clark* factor leaned in favor of sovereign immunity as state authorities described the entity "as 'an agency and instrumentality of the state' and as a member of the executive branch" but that nonetheless the entity was not entitled to Eleventh Amendment immunity).

5

of tax dollars."). And though the court focuses heavily on the influence that the state regulatory commission exerts over ERCOT (*id*. at *11), it remains the case that "the PUC's statutory authority to control ERCOT's operations appears to be limited" to circumstances where ERCOT fails to adequately perform its duties. *Id*. at *27 (Boyd, Devine, Lehrmann, and Busby, J.J., dissenting).

**2.** Indeed, *CPS* does not resolve even the first *Clark* factor. To be sure, that factor considers how the entity is described in state case law. *See Clark*, 798 F.2d at 744. But this Court has repeatedly made clear that its analysis under the first *Clark* factor calls for a holistic look at what all state authorities reveal about the entity's "place in the overall scheme of [state] government" as a matter of federal law. *Hudson v. City of New Orleans*, 174 F.3d 677, 685-86 (5th Cir. 1999) (finding that—given conflicting evidence of an entity's state or local status drawn from "the state constitution," "the state legislature," and "the Attorney General"—the first *Clark* "factor points in different directions," and thus "declin[ing] to count it either in support for, or denial of, Eleventh Amendment Immunity"); *see also Bonin*, 65 F. 4th at 256, 259 (finding that the first factor had "limited utility" given contradictory evidence in state statutes, and ultimately finding no sovereign immunity, despite "modest[]" support from the first factor); *Stratta,* 961 F.3d at 352 (holding that the weight of state authority leaned *against* the entity on the first *Clark* factor, despite a Texas appellate court describing it as "an arm of the state").

The same is true here. As our brief (at 46-47) and the *CPS* dissent detail, state statutory authority, among other sources, underscore ERCOT's independence from

6

the state. Of course, our point is not to cast any doubt on the Texas Supreme Court's judgment that ERCOT is an arm of the state for purposes of state-law immunity doctrine. But, as with *Hudson* and *Bonin*, the weight of Texas authority paints a more equivocal picture of ERCOT's "place in the overall scheme of [Texas] government" as far as federal immunity doctrine is concerned. *Hudson*, 174 F.3d at 685. Indeed, the *CPS* court itself acknowledged that "ERCOT does not fall neatly into any camp" and is "a unique entity serving a role that is not clearly analogous to a public entity." 2023 WL 4140460, at *11 (quotation marks omitted).

As with *Hudson* and *Bonin*, therefore, this Court should take stock of the complex and unique role that ERCOT plays in Texas's government as a private entity carrying out a public function as it assigns weight to the first *Clark* factor and balances that factor against the rest. Under that balancing, ERCOT would not be immune from this action, even if it *hadn't* waived whatever immunity might apply.

## II. ERCOT'S GOVERNMENTAL STATUS UNDERMINES ABSTENTION.

Explaining why the bankruptcy court need not abstain from this case, our brief also pointed to the long-established principle that abstention is unwarranted when a state entity voluntarily submits to the federal court's jurisdiction, as ERCOT has done by filing its proof of claim. Trustee Br. 18-20; *see, e.g., Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977) ("If the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system."). After all, a federal court's

7

"exercise of . . . discretion" by abstaining under *Burford* "must reflect principles of federalism and comity." *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 704 (5th Cir. 1999) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996)). Naturally, such "rules that are created to foster comity are traditionally made waivable by the states," *Jackson v. Johnson*, 217 F.3d 360, 362 (5th Cir. 2000).

The *CPS* court acknowledged that all of ERCOT's activities are, in some sense, "governmental function[s]." 2023 WL 4140460, at *11; *see* page 9, *infra*. Indeed, "[t]here is no evidence that ERCOT performs any functions outside its role as the ISO." *CPS*, 2023 WL 4140460, at *15. Presumably, that includes its decision to file its proof of claim in the bankruptcy court here. ERCOT can hardly insist on the court abstaining in the name of federal-state comity when it, performing responsibilities assigned to it by the state, sought the bankruptcy court's relief in the first place.[3]

### III. THE TRUSTEE'S TAKINGS CLAIM CHALLENGES STATE ACTION.

Finally, our brief explained that—contrary to the bankruptcy court's analysis—the Trustee's position that ERCOT lacks sovereign immunity is fully consistent with her assertion of a takings claim. In short, the state-action prerequisite for a

---

[3] To be sure, ERCOT need not be an "arm of the state" under federal law to waive abstention. It is enough that it sought relief in federal court in carrying out its governmental obligations. *Cf. Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 888 (9th Cir. 2011) (finding abstention waived by a county's request for the court to exercise jurisdiction).

8

takings or other constitutional claim is satisfied when "a nominally private entity . . . has been delegated a public function by the State" (*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)), which is an entirely distinct doctrinal inquiry from the test for Eleventh Amendment immunity. Trustee Br. 57-60. Indeed, this Court's precedents confirm that an entity's lack of Eleventh Amendment immunity is not incompatible with takings liability: The Court has repeatedly rejected sovereign immunity in cases bringing takings claims against government-adjacent actors, without hinting that the sovereign-immunity holding somehow doomed the takings claim on the merits. *See Bonin*, 65 F.4th at 253; *Stratta*, 961 F.3d at 352, 358-361; *Vogt*, 294 F.3d at 696.

The Texas Supreme Court's *CPS* decision emphatically confirms that ERCOT exercises a "delegated . . . public function" (*Brentwood*, 531 U.S. at 296) in its regulation of the Texas energy markets, satisfying the state-action requirement. As the Texas court repeatedly explained, "ERCOT . . . performs the uniquely governmental function of utilities regulation." *CPS*, 2023 WL 4140460, at *5; *see also, e.g., id.* ("[T]he regulation of utilities is 'uniquely governmental,'" and "ERCOT exercises delegated authority from the PUC" in performing that function"); *id.* at *11 (ERCOT "provides an essential governmental service" and "performs the governmental function of utilities regulation."); *id.* at *13 ("[T]he fact that the state is utilizing the corporate form to achieve its objectives for the Texas power region does not change [the] governmental nature of ERCOT's actions.").

9

Thus, just like "eminent domain, elections, parks, and the like" (*Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 358 (5th Cir. 1977)), the utility-regulation function performed by ERCOT is a public function, rendering its actions in furtherance of that function state action for purposes of the Trustee's constitutional claims. The bankruptcy court was therefore wrong to dismiss those claims.

## CONCLUSION

*CPS* does not change the bottom line of this case: the judgment of the bankruptcy court should be reversed as to the Trustee's takings claim and affirmed in all other respects.

Dated: July 20, 2023

Respectfully submitted,
*/s/ Debbie E. Green*
Charles R. Gibbs
Debbie E. Green
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street
Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
crgibbs@mwe.com
dgreen@mwe.com

—and—

Darren Azman
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
dazman@mwe.com

*Counsel for Appellee-Cross-Appellant Anna Phillips, as Liquidating Trustee of the Entrust Liquidating Trust*

## CERTIFICATE OF SERVICE

I certify that that on July 20, 2023, I caused the foregoing brief to be served electronically on all parties via the Court's CM/ECF system.

Dated: July 20, 2023

*/s/ Debbie E. Green*
Debbie E. Green

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the undersigned counsel for Plaintiff-Appellants certifies that this brief:

  (i) contains 2,543 words, including footnotes and excluding the parts of the brief exempted by Rule 32(f); and

  (ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Office Word 365 and is set in size 14 Times New Roman font.

Dated: July 20, 2023      */s/ Debbie E. Green*
               Debbie E. Green